1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

WEBB EQUIPMENT CO., INC.,

          Plaintiff,

       v.

AUTO OWNERS INSURANCE COMPANY,
INC., a foreign corporation, and SOUTHERN-
OWNERS INSURANCE COMPANY, INC., a
foreign corporation,

          Defendants.

Case No. C10-5138 RBL

ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND TO STATE
COURT

18

19

20

      This matter comes before the Court on Plaintiff's motion for remand to state court pursuant to 28 U.S.C. § 1447(c).  The Court has reviewed the pleadings and record herein, is fully informed and GRANTS the motion to remand to Thurston County Superior Court.

21

**Introduction and Background**

22

23

24

25

      On November 3, 2009, Webb Equipment, a Florida corporation, filed suit against its insurer, Southern-Owners, and its parent company, Auto-Owners,  in Thurston County Superior Court (Cause No. 09-20-02626-0) for breach of contract, bad faith and Washington Consumer Protection Act violations related to the denial of commercial general liability insurance coverage for Webb for

26

ORDER - 1

1   claims relating to a work-site injury that occurred in Washington State.  Webb's complaint also

2   included a request for declaratory judgment that Webb is entitled to a defense and indemnity under

3   the terms of the insurance policy.

4        On November 30, 2009, Webb served the Summons, Complaint, and Interrogatories and

5   Requests for Production on both Auto-Owners and Southern-Owners through service on the

6   Insurance Commissioner of the State of Washington.  Southern-Owners is a Michigan corporation

7   and a subsidy of Defendant Auto-Owners, which is also a Michigan corporation.  Southern-Owners

8   issues policies of insurance only in Florida to insureds residing in Florida.  The parent corporation,

9   Auto-Owners, is an authorized Washington insurer subject to service on the Insurance

10  Commissioner.

11       Counsel for Auto-Owners and Southern-Owners filed a Notice of Appearance on January

12  4, 2010.  On January 10, 2010, counsel for Auto-Owners and Southern-Owners requested additional

13  time to prepare an Answer to Webb's Complaint and responses to Webb's discovery requests.  Webb

14  agreed to extend the deadline until January 28, 2010.

15       On January 28, 2010, instead of answering the Complaint or providing discovery

16  responses, Southern-Owners filed a motion to dismiss based on insufficiency of service and lack of

17  personal jurisdiction.  On the same date, Auto-Owners filed a motion for summary judgment on the

18  basis that it did not issue the policy at issue.

19       On February 16, 2010, Webb served the Summons and Complaint and discovery requests on

20  the Chief Financial Officer of the Florida Department of Financial Service who forwarded the

21  documents to Southern-Owners' designated agent on February 18, 2010.

22       Despite several conferences, the parties could not resolve ongoing discovery disputes and

23  Webb ultimately filed a motion to compel.  In response, Auto-Owners and Southern-Owners re-

24  noted their respective dispositive motions for May 21, 2010.

25       On the date Auto-Owners' response to Webb's Motion to Compel was due, Auto-Owners

26  ORDER - 2

1    and Southern-Owners gave notice of their removal of this action to the U.S. District Court for the

2    Western District of Washington.

3          In their Notice of Removal filed on March 3, 2010, Auto-Owners and Southern-Owners

4    confirmed that at the time Webb filed its Complaint in November of 2009, diversity of citizenship

5    did not exist between Southern-Owners, an insurance company incorporated in Michigan that

6    sells insurance policies exclusively to Florida residents, and Webb, a Florida corporation.

7    However, Auto-Owners and Southern-Owners argued that the matter recently became removable

8    because under the "nerve-center" test adopted by the United States Supreme Court in Hertz Corp. v.

9    Friend, 130 S. Ct. 1181 (2010), Auto-Owners and Southern-Owners are now considered citizens of

10   Michigan and are thus diverse from Webb.  In response, Plaintiff filed the present motion for

11   remand to the state court.

12                      **Standards for Remand to State Court**

13         The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State

14   court of which the district courts of the United States have original jurisdiction, may be removed by

15   the defendant or defendants, to the district court of the United States for any district ... where such

16   action is pending."  28 U.S.C. § 1441(a).  One instance in which the district courts of the United

17   States have "original jurisdiction" is where there is complete diversity between the parties and the

18   amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The proper procedure for

19   challenging removal to federal court is a motion to remand.  A federal court must order remand if

20   there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal

21   procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts

22   about removability are resolved in favor of remanding the case to state court.  Gaus v. Miles, Inc.,

23   980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing defendant faces a strong

24   presumption against removal, and bears the burden of establishing that removal was proper by a

25   preponderance of evidence.  Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04

26   ORDER - 3

1  (9th Cir. 1996).

2  **Standards for Removal**

3  The Defendants acknowledge that this matter was not removable prior to February 23, 2010,

4  because under Ninth Circuit authority there was a lack of diversity between the parties prior to the

5  Supreme Court's decision in Hertz v. Friend, 130 S. Ct. 1181 (2010).

6  On February 23, 2010, the United State Supreme Court decided Hertz v. Friend, 130 S. Ct.

7  1181 (2010).  *Hertz* dealt with the proper test for determining corporate citizenship.  Under the

8  removal statute, a corporation is a citizen of the state where it is incorporated and the state that is its

9  "principal place of business."  28 U.S.C. § 1332(c).  The Ninth Circuit had held that a corporation's

10  principal place of business is the state where the greatest volume of the corporation's business

11  activity takes place, not necessarily the location of its administrative headquarters or "nerve center."

12  Under the Ninth Circuit test, Southern-Owners is a citizen of Florida and not diverse to Webb

13  because Southern-Owners sells insurance exclusively to Florida residents.  The Supreme Court in

14  Hertz abrogated the Ninth Circuit rule and adopted the "nerve center" test.

15  Southern Owners argues that under the removal statute as interpreted by the Supreme Court

16  in *Hertz*, Southern-Owners is diverse to Webb because its administrative offices or "nerve center" is

17  located in Michigan.

18  Pursuant to 28 U.S.C. §1446(b), a defendant may file a notice of removal in a case as

19  follows:

20  The notice of removal of a civil action or proceeding shall be filed within
    thirty days after the receipt by the defendant, through service or otherwise,
21  of a copy of the initial pleading setting forth the claim for relief upon which
    such action or proceeding is based, or within thirty days after the service of
22  summons upon the defendant if such initial pleading has then been filed in
    court and is not required to be served on the defendant, whichever period is
23  shorter.

24  If the case stated by the initial pleading is not removable, a notice of
    removal may be filed within thirty days after receipt by the defendant,
25  through service or otherwise, of a copy of an amended pleading, motion,

26  ORDER - 4

1                order or other paper from which it may first be ascertained that the case is
2                one which is or has become removable...

3        Under 28 U.S.C. § 1446(b), a case may be removed under two different 30-day windows. The first

4 requires the notice of removal to be filed "within thirty days after the receipt by the defendant, through

5 service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

6 or proceeding is based." The second provides that when the "case stated by the initial pleading is not

7 removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service

8 or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

9 ascertained that the case is one which is or has become removable."

10        The Defendants concede that at the commencement of this litigation the action was not removable as

11 there was a lack of complete diversity under existing Ninth Circuit law. It was only after issuance of the

12 Supreme Court decision in *Hertz* that the potential of removal arose. Thus, the basis for removal must meet

13 the criteria for subsequent removal. The Supreme Court's opinion does not appear to meet the statute's

14 criteria. The statute requires that the Defendants receive "copy of an amended pleading, motion, order or

15 other paper from which it can determine that the case is removable." As a general rule, "other paper" must

16 be generated within the specific state proceeding which was removed in order to provide grounds for

17 removal under §1446(b). <u>Rynearson v. Motricity, Inc.</u>, 626 F. Supp 1093, 1097 (W.D. Wash. 2009); <u>Hawaii</u>

18 <u>v. Abbott Laboratories, Inc.</u>, 469 F. Supp.2d 842 (D. Hawaii, 2006). Discovery documents, briefing and

19 deposition testimony all qualify as "other paper." <u>Id.</u>, <u>Native Village v. Exxon Corporation</u>, 23 F.3d 773,

20 779 (9th Cir. 1994); <u>Cantrell v. Great Republic Ins. Co.</u>, 873 F.2d 1249, 1255 (9th Cir. 1989). The phrase

21 "other paper" cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same.

22 See <u>Phillips v. Allstate Ins. Co.</u>, 702 F. Supp. 1466, 1468 (C.D. Cal.1989) ("other paper" under section

23 1446(b) does not include intervening statutory or case law changes); <u>Johnson v. Trans World Airlines, Inc.</u>,

24 660 F. Supp. 914, 917 (C.D. Cal. 1987) (right to remove does not emanate from subsequent development of

25 case law); <u>Coman v. Int'l Playtex, Inc.</u>, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (new federal law removing

26 ORDER - 5

1    ability to plead Doe defendants is not "other paper" triggering removal window); Chen v. China Airlines

2    Ltd., 713 F. Supp. 1322, 1323 (N .D. Cal. 1989) ("other paper" under section 1446(b) refers to a paper in the

3    case).  The *Hertz* decision simply does not qualify as the receipt of "other paper" from which removal

4    can be ascertained.  Thus, removal is improper.

5           Even if the notice of removal was timely, the Court finds it appropriate to remand this

6    matter as Defendants have failed to carry their burden of proof establishing diversity jurisdiction.

7    The federal removal statute is to be strictly construed against removal and any doubt is resolved in

8    favor of remand.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The burden of

9    establishing jurisdiction rests with the party effecting the removal.  Emrich v. Touche Ross & Co.,

10   846 F.2d 1190, 1195 (9th Cir. 1988).  Defendant Southern-Owners' mere assertion that its principal

11   place of business is Michigan is insufficient to meet the "nerve center" test as adopted by the

12   Supreme Court.  In *Hertz*, the Supreme Court expressly rejected a suggestion that merely filing a

13   form listing the location of a corporation's "principal executive offices" would, without more, be

14   sufficient to establish a corporation's "nerve center." Id. at 1195. Here, Southern-Owners failed

15   to present any evidence concerning - let alone unequivocally establishing - where its "nerve

16   center" is located.  See Hertz v. Friend, 130 S. Ct. 1181, 1195 (2010).  There is a strong

17   presumption against removal and doubts are to be determined in favor of remand.  Gaus v. Miles,

18   Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As such, remand is appropriate.

19                              **Attorney Fees, Costs and Expenses**

20          Plaintiff seeks an award of attorney fees, costs and expenses under 28 U.S.C. § 1447(c) for

21   bringing this motion for remand.  28 U.S.C. § 1447(c) provides in pertinent part: "An order

22   remanding the case may require payment of just costs and any actual expenses, including attorney

23   fees, incurred as a result of the removal."  An award of attorney's fees under § 1447(c) is within the

24   broad discretion of the Court.  Although bad faith need not be shown, the Court must undertake

25   some review of the merits of the removal petition to assess the reasonableness of the attempted

26   ORDER - 6

1  removal.  Moore v. Permanente Med. Group, 981 F.2d 443, 446-47 (9th Cir. 1992).  Fees and costs

2  may be awarded under § 1447(c) if the attempted removal was objectively unreasonable.  See

3  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Lussier v. Dollar Tree Stores, Inc., 518

4  F.3d 1062, 1065 (9th Cir. 2008).  As discussed above, the Court has found the removal at issue

5  herein was not proper. The Court does not find, however, that Defendants lacked an objectively

6  reasonable basis for removing.  Although Defendants' removal lacked merit, Defendants relied in

7  good faith upon Hertz v. Friend, 130 S. Ct. 1181, 1195 (2010) to remove the case.  Accordingly, the

8  request for fees, costs and expenses pursuant to 28 U.S.C. § 1447(c) will be denied.

9                                                   **Conclusion**

10          For the stated reasons, Plaintiff's motion is granted and this case is remanded to the

11  Thurston County Superior Court in Washington from which it was removed.  However, Plaintiff's

12  request for attorney's fees, costs and expenses under 28 U.S.C. § 1447(c) is denied.

13          ACCORDINGLY;

14          IT IS ORDERED:

15          Plaintiff's Motion for Remand [Dkt. # 11] is **GRANTED**.  The matter is **REMANDED** to

16          Thurston County Superior Court.  Plaintiff's request for an award of attorney fees, costs and

17          expenses is **DENIED**.

18

19

20          DATED this 20th day of April, 2010.

21

22                                          _____
                                            RONALD B. LEIGHTON
23                                          UNITED STATES DISTRICT JUDGE

24

25

26  ORDER - 7